```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


CLINTON JUNEAU                              CIVIL ACTION

VERSUS                                      NO: 07-9782

STEVE PITTMAN ET AL                         SECTION: "J"
```

### ORDER & REASONS

Before the Court is Plaintiff Clinton Juneau's ("Juneau") **Motion in Limine to Exclude Alleged Recorded Statements of Steven Pittman, and Testimony Arising from or Related to Same and Progressive's Defense of Material Misrepresentation (Rec. Doc. 47).** Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds as follows.

### FACTS AND PROCEDURAL HISTORY

This is a personal injury diversity suit originally filed in this Court.  Juneau claims personal injuries arising from an incident that occurred on December 28, 2006.  On that date, Defendant Steve Pittman d/b/a Steve's Hauling ("Pittman") and Juneau were delivering a load of dirt in Pittman's dump truck to a work site in Slidell, Louisiana.  Juneau had hired Pittman to perform the dirt hauling services for Juneau's company.  When the men reached the site, Juneau exited the truck in order to move a mailbox that was blocking the entrance.  While he was doing so, the truck went into reverse, knocking Juneau to the ground and running over his foot.  As a result of the accident, Juneau

underwent emergency surgery to repair his injured foot. Juneau alleges that the accident and his injuries were caused by Pittman's negligence and seeks physical and psychological damages. Juneau has alleged that Progressive was Pittman's insurer at the time of the accident under a policy covering the injuries claimed in the incident.

Progressive relies on its position that the insurance policy that allegedly covered Juneau's claims against Pittman was not in effect at the time of the accident. Specifically, Progressive alleges that the policy in question was cancelled by a notice of cancellation mailed to Pittman on November 27, 2006 based on Pittman's failure to pay the total premium due. The notice also stated that if Progressive did not receive the balance of the premium payment, it would cancel Pittman's coverage, effective December 9, 2006. Pittman did not make the payment, and the policy was accordingly cancelled as of December 9.

Additionally, Progressive alleges that even though Pittman sought and received a no-lapse reinstatement of the cancelled policy on January 2, 2007 (five days after the accident), Pittman made material misrepresentations in his reinstatement application and thus the reinstatement is null and void. Specifically, Progressive alleges that when Pittman was asked in a recorded telephone conversation during the reinstatement process whether there had been any accidents during the cancellation period, he responded "**No. Everything has been parked.**" As such, because

the accident with Juneau had occurred on December 28, during the interim period of cancellation, and because Pittman did not inform Progressive of the accident and then stated that no accidents had occurred during the interim, Progressive claims the right to deny coverage and thus seeks summary judgment of Juneau's claims.

Juneau's present motion relies on Mississippi Code §83-9-11(1) and/or Louisiana Revised Statutes §22:618 to argue that Pittman's alleged misrepresentations during his telephone request for reinstatement of his cancelled insurance and his statements referencing that telephone conversation in his deposition testimony are inadmissible.  These statutes, according to Juneau, prohibit an insurer from relying on misrepresentations of its insured as a grounds for rescission of the policy when those statements were not attached to the policy at issuance.

In opposition, Progressive asserts that both the Mississippi and Louisiana statutes only apply to *initial applications* for insurance, and do not apply to misrepresentations made in *reinstatements* of insurance policies.  As such, Progressive argues that the misrepresentations of Pittman are admissible.

## DISCUSSION

### A. Choice of Law

Under the Supreme Court's decision in Erie R. Co. v. Tompkins, "a federal court sitting in diversity appl[ies] the substantive law of the forum State, absent a federal statutory or

constitutional directive to the contrary." Salve Regina College v. Russell, 499 U.S. 225, 226 (1991). As such, a federal court applying substantive state law under the Erie Doctrine follows state choice-of-law rules as well. Danforth v. Minn., 128 S. Ct. 1029, 1057 (2008) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). As such, under the Erie/Klaxon doctrine, this Court sitting in diversity must apply the Louisiana choice of law rules to determine whether Louisiana or Mississippi law applies to the issue of coverage under Pittman's insurance contract with Progressive.

    **1) Louisiana Choice-of-Law Provisions**

The Louisiana Civil Code provides the basis for determining the choice-of-law applicable to a case having contacts with other states. Champagne v. Ward, 893 So. 2d 773, 780-81 (La. 2005). The first step in determining the law applicable to a multi-state case is to "determine that there is a difference between Louisiana's . . . law and the . . . law of the foreign state." Id. at 786; see also Abraham v. State Farm Mut. Auto. Ins. Co., 465 F.3d 609, 611 (5th Cir. 2006). Interpretation of a foreign insurance contract is subject to this "most seriously impaired" analysis. Champagne, 893 So. 2d at 786.

    **2) Mississippi Code §83-9-11(1) & Louisiana Revised Statutes §22:618**

In accordance with Champagne, the first step in determining which law applies to this motion requires an inquiry into whether there are any conflicts between the provisions of Mississippi

Code §83-9-11(1) and Louisiana Revised Statutes §22:618.

Louisiana Revised Statutes §22:618 provides that applications for accident insurance are inadmissible in actions on the insurance contract unless a copy of the application is attached to or made part of the insurance policy when issued and delivered.  La. Rev. Stat. Ann. §22:618(A) (2008).  Further, for renewals or reinstatements of an accident policy delivered in Louisiana, the insured must make a written request to the insurer for a copy of any reinstatement or renewal application, and if the insurer does not deliver or mail the copy within 15 days of receipt, the insurer is precluded from introducing that application in any action based on the renewal or reinstatement. La. Rev. Stat. Ann. §22:618(B) (2008).  Accordingly, under §618 "false statements by the insured in the application cannot be used in evidence if the application is not made part of the contract."  Borer's Estate v. La. Health Serv. & Indem., 398 So. 2d 1124, 1126 (La. 1981).

Mississippi Code §83-9-11(1) provides an essentially identical provision regarding admissibility of misrepresentations in an insurance application: "The insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof."  Miss. Code. Ann. §83-9-11(1) (2008). In addition, §83-9-11 provides a 15 day delivery/preclusion requirement identical to that in Louisiana Revised Statutes

§22:618(B) for renewals and reinstatements of insurance policies delivered in Mississippi.  See Miss. Code Ann. § 83-9-11 (2008).[1]

Thus, as to the issue of admissibility of an insured's misrepresentations in an application or reinstatement of insurance coverage, Louisiana and Mississippi law are identical. Accordingly, no conflicts of law analysis is necessary.

**B.   Application of Louisiana Revised Statutes §618 to the Instant Facts**

First, it should be noted that Juneau relies on §83-9-11 and §618 for the proposition that misrepresentations made in an *application* for insurance cannot be admitted into evidence when the application is not attached to the policy.  However, the alleged misrepresentations by Pittman in this case were in the context of a *reinstatement* request, not an insurance application. The first sentence of §83-9-11(1) and the first section of §618 apply only to initial applications for insurance.  See Miss. Code Ann. §83-9-11(1) (2008) and La. Rev. Stat. Ann. §618(A) (2008). Additionally, the cases on which Juneau relies for the proposition that §618 applies equally to applications as well as

---

[1] "If any such policy delivered or issued for delivery to any person in this state shall be reinstated or renewed, and the insured or the beneficiary or assignee of such policy shall make written request to the insurer for a copy of the application, if any, for such reinstatement or renewal, the insurer shall, within fifteen (15) days after the receipt of such request at its home office or any branch office of the insurer, deliver or mail to the person making such request a copy of such application. If such copy shall not be so delivered or mailed, the insurer shall be precluded from introducing such application as evidence in any action or proceeding based upon or involving such policy or its reinstatement or renewal."  Miss. Code Ann. § 83-9-11 (2008).

reinstatements were decided under a much older version of the statute that did not include a specific section on reinstatement applications.  See Fisette v. Mut. Life Ins. Co., 110 So. 880 (La. 1926).

Further, §83-9-11(1)and §618(B) both expressly provide for the distinct situation in which misrepresentations have been made in the context of an application for *reinstatement* of an insurance policy. Both the Louisiana and Mississippi statutory provisions require the insured to request "a copy of the [reinstatement] application *if any*," after which the insurer has 15 days to mail a copy to the insured.  Miss. Code. Ann. §83-9-11 (2008); La. Rev. Stat. Ann. §22:618(B) (2008) (emphasis added). Only if a reinstatement application *exists*, is *requested* by the insured, and is *not properly mailed* within the 15 day period will the insurer be prohibited from introducing the reinstatement application as evidence in a proceeding based on the reinstatement.  Miss. Code. Ann. §83-9-11 (2008); La. Rev. Stat. Ann. §22:618(B) (2008).  No allegations have been made in this case to indicate whether any written reinstatement application existed, whether Pittman requested a copy, or whether Progressive failed to mail a copy within the 15 period provided by both Louisiana and Mississippi law.  Absent any allegations on these issues, neither §83-9-11(1) nor §618(B) requires exclusion of Pittman's recorded statements in his reinstatement request or his deposition testimony regarding those statements.

In addition, the Fifth Circuit has held in the context of §618(A), which applies to initial applications for insurance in Louisiana, that "[t]his provision does not . . . require exclusion of *oral misrepresentations*." First State Ins. Co. v. Mini Togs Inc., 841 F.2d 131, 133 (5th Cir. 1988).  In Mini Togs, the plaintiff appealed the district court's finding that a fire insurance policy issued by the defendant was void based on the plaintiff's oral material misrepresentations in an initial application for insurance.  Id. at 132. The district court relied on a clause providing for voidance of the policy upon any material misrepresentation by the insured.  Id.  On appeal, the plaintiff argued that the oral misrepresentations were inadmissible under §618(A).  Id. at 133.  The Fifth Circuit agreed that §618(A) requires exclusion of a *written* application if the application is not attached to the policy at issuance, but does not require exclusion of *oral* misrepresentations.  Id. Specifically, the Fifth Circuit held that "[§618(A)] only applies to those instances where a written application is taken from an insured."  Id.  Thus, "[w]ithout deciding what the rule may be when a written application for fire insurances is taken, [the Fifth Circuit held] that . . . evidence of oral misrepresentations may be considered by a court in determining whether a policy is void.  Id.

First, to the extent that Juneau's argument for exclusion of Pittman's statements is based on the rules applicable to

*applications* for insurance, the <u>Mini-Togs</u> case forecloses his argument. However, as noted above, the statements at issue in this motion were made in a request for *reinstatement* of insurance, and thus would be governed by §618(B) and the second sentence of §83-9-11.

Nonetheless, while the <u>Mini-Togs</u> case dealt specifically with the language of §618(A) applicable to initial insurance applications, the same rationale applies to §618(B), and thus should also apply to the identical Mississippi provision in §83-9-11. Additionally, the language of §618(B) and the second sentence of §83-9-11 are actually more conducive to the <u>Mini Togs</u> analysis and conclusion. The <u>Mini Togs</u> decision relied on the language of §618(A), providing that "[n]o application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered." <u>Mini Togs</u>, 841 F.2d at 133. Based on this language, the <u>Mini Togs</u> court held that §618(A) "only applies to those instances where a *written application* for insurance is taken from an insured." <u>Id</u>. (emphasis added). Presumably, the <u>Mini Togs</u> court relied on the "correct copy" language in §618(A) to conclude that the exclusion rule only applied to *written* and not *oral* statements. However, §618(B) and §83-9-11 actually expressly note that the request/15-day-period/exclusion provision

only applies "*if any*" copy of a reinstatement application exists. Miss. Code. Ann. §83-9-11 (2008); La. Rev. Stat. Ann. §22:618(B) (2008).  Thus unlike the language of §22:618(A) relied on by the Mini Togs court, the §618(B) and §83-9-11 specifically contemplate the inapplicability of the exclusion rule *in the absence of a written reinstatement application.*  Accordingly,

**IT IS ORDERED** the Plaintiff Clinton Juneau's **Motion in Limine to Exclude Alleged Recorded Statements of Steven Pittman, and Testimony Arising from or Related to Same and Progressive's Defense of Material Misrepresentation (Rec. Doc. 47)** is hereby **DENIED.**  Progressive may enter into evidence the statements made by Pittman during his recorded telephone request for reinstatement of the insurance policy at issue in this case, as well Pittman's deposition testimony regarding those recorded statements, subject to any admissibility challenges under the Federal Rules of Evidence.

New Orleans, Louisiana this 27th day of October, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE